IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYMAN LYNN SIMS, Sr., | No C-09-1348 TEH (PR) |
|     Petitioner, | |
|     v. | ORDER TO SHOW CAUSE |
| LARRY SMALL, Warden, | |
|     Respondent. | (Doc. #2) |

Petitioner, a state prisoner incarcerated at Calipatria State Prison in Calipatria, California, has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. section 2254 challenging a judgment of conviction from San Mateo County Superior Court. Petitioner seeks to proceed in forma pauperis under 28 U.S.C. section 1915.  Doc. #6.

I

On May 15, 2006, Petitioner was sentenced to 75 years to life in state prison following his convictions for various crimes, including second degree robbery, attempted murder of a peace

officer, assault on a peace officer with a semi-automatic firearm, being a felon in possession of a loaded firearm in a public place, and being a felon in possession of a firearm, as well as for true findings on various sentencing enhancements. Doc. #1-2 at 2.

On November 26, 2007, the California Court of Appeal affirmed the judgment in an unpublished opinion. People v. Sims, No. A113888, 2007 WL 4157789 (Cal. Ct. App. Nov. 26, 2007). On February 13, 2008, the California Supreme Court denied his Petition for Review.

II

This Court may entertain a Petition for a Writ of Habeas Corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging a denial of his rights to due process and to present a defense because of jury instruction error. Doc. #1 at 5-7. Liberally construed, Petitioner's claim appears cognizable under section 2254 and merits an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

2

**III**

For the foregoing reasons and for good cause shown,

1.   Petitioner's request to proceed in forma pauperis (Doc. #2) is GRANTED.

2.   The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

3.   Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a Writ of Habeas Corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within 30 days of his receipt of the Answer.

4.   In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within 30 days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply

3

**United States District Court**
For the Northern District of California

1  within 15 days of receipt of any Opposition.

2        5.    Petitioner is reminded that all communications with
3  the Court must be served on Respondent by mailing a true copy of the
4  document to Respondent's counsel.  Petitioner also must keep the
5  Court and all parties informed of any change of address.

8        IT IS SO ORDERED.

10  DATED    *May 6, 2009*

                **THELTON E. HENDERSON**
11                United States District Judge

23  G:\PRO-SE\TEH\HC.09\Sims-09-1348-osc.wpd

**4**